IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| JEROME CARTER ) | |
| ) | Civil Case No. 05-1712 (RMC) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| THE WASHINGTON POST. ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

Plaintiff, Jerome Carter, by and through the undersigned counsel, hereby files this Motion for Leave to File a Second Amended Complaint pursuant to Fed. R. Civ. Pro. 15, and submits the following Opposition to Defendant's Motion to Dismiss:

Pursuant to local Rules, Plaintiff's counsel has conferred with Defendant's counsel who declines to comment at the present time, but reserves the right to file an opposition to the subject motion.

**Standard of Review**

As the Defendant is seeking to exclude Counts I through III, the appropriate standard of review would be to treat Defendant's opposition as a motion for summary judgment. As such, summary judgment is "appropriate only if 'there is no genuine issues as to any material fact and . . .' the evidence must be viewed in the light most favorable to the non-moving Party," Plaintiff, Jerome Carter, and all inferences must be drawn in his favor. *See Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000).

**ARGUMENT**

The Amended Complaint squarely renders moot Defendant's arguments raised in their Motion to Dismiss as the Amended Complaint clearly set forth *prima facie* cases of discrimination, retaliatory/adverse actions, and hostile work place environment, violation of Plaintiff's rights under ADA, and violation of Plaintiff's rights under Family Medical Leave Act. Although Defendant has correctly pointed out that there are 91 days between May 27, 2005 and August 26, 2005, Defendant is simply wrong to allege that the Complaint was past the 90 days requirement. The **May 27, 2005** was the date the notice was <u>mailed</u>, not received, also clearly stated in the EEOC notice letter as "Date Mailed". Accordingly, pursuant to Fed. Rule 6 (e), three days must be added to May 27, 2003, giving Plaintiff actually until August 29, 2005 to file. Therefore, Plaintiff's complaint filed August 26, 2005 was <u>timely</u> filed.

**<u>Hostile Acts Were Discriminatory In Purpose</u>**

A hostile work environment pursuant to Title VII is created "when the workplace is permeated with "discriminatory intimidation, ridicule, and insult' that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Systems Inc.*, 510 U.S. 17, 21 (1993) (*quoting Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 65, 67 (1986)). Title VII threshold is reached well "before the harassing behavior leads to a nervous break". *Harris*, 510 U.S. at 22.

The numerous instances of retaliatory and hostile acts described in the Amended Complaint are not isolated instances, but orchestrated actions to legitimize their abusive and discriminatory acts committed on Plaintiff. *See* A.C., Count I and III. These retaliatory/adverse

and hostile acts were committed with discriminatory *animus,* all to discriminate against a black, African American employee, Jerome Carter. These incidents are so numerous, a trier of facts can reasonably conclude that a hostile work environment existed, therefore, the claim should not be dismissed. *Harris*, 510 U.S. at 22

Defendant's version of the facts are directly contradicted by Plaintiff's allegations, and in fact, Defendant's claims of insubordination are false. Even the Virginia Employment Commission agreed that Defendant failed to establish insubordination by Plaintiff. Moreover, Defendant allegations of insubordinations are unsupported with no affidavit or sworn verifications. Even giving Defendant's claims the widest latitude, a factual dispute exists between Plaintiff and Defendant, and the standard of review requires all such inferences to be drawn in favor of Plaintiff (non-moving party). *See Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000).

**Retaliation/ Adverse Action**

Contrary to Defendant's arguments, Plaintiff clearly establishes his claims for retaliation and adverse action. The three elements for establishing a prima facie case of retaliation/adverse action are: (1) he engaged in an EEO protected activity; (2) he was subject to an adverse personnel action; and (3) there is a causal connection between the protected activity and the adverse action. Plaintiff clearly establishes his prima facie case of adverse action as he clearly shows tangible employment action such as hiring, firing, failing to promote, reassignment with significantly lowered duties, or a decision causing significant change in benefits. *See Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 761 (1998).

Plaintiff in the present case was subjected to adverse actions after lodging a proper complaint of a physical assault and battery by his immediate supervisor.  Instead of correcting the problem, Defendant retaliated against Plaintiff in form of denying requested accommodations for his medical conditions, denying medical coverage for work place injuries, and other adverse acts as outlined in Counts 1-3 of the Amended Complaint.

**ADA CLAIM**

Plaintiff's complaint does set out a prima facie case under the American Disability Act.  Plaintiff's back, neck, and shoulder conditions prevents Plaintiff from performing not just job related tasks, but major life activities.  *See* A.C. Count II.

Contrary to Defendant's claim that Plaintiff did not exhaust his administrative remedies, Plaintiff's factual submission to the EEOC did allege circumstances for ADA violations.

**FMLA VIOLATION**

Plaintiff's Amended Complaint adds additional claim for violations of his rights under the Family Medical Leave Act.  See A.C. Count III.  Plaintiff requested medical leave under FMLA, but Defendant wrongfully denied his request by claiming he was on "paid leave" when in actuality, he was not.  *See* A.C. para. 60.  Plaintiff requested leave under FMLA, which Defendant improperly denied a second time.  *See* A.C. para. 61.  Plaintiff made these factual charges before the EEOC.

**CONCLUSION**

Plaintiff's Amended Complaint corrects earlier deficiencies and omissions, rendering moot Defendant's Motion to Dismiss. Defendant would not be prejudiced by entry of the Amended Complaint and such entry would be in the best interest of justice and judicial economy.

**WHEREFORE**, Plaintiff respectfully request that Plaintiff's Motion for Leave to File Amended Complaint be Granted and Defendant's Motion to Dismiss, be denied the foregoing reasons.

**REQUEST FOR HEARING**

Plaintiff respectfully requests a hearing on the foregoing matter.

Respectfully Submitted,

Dated: November 7, 2005        by:        _____/s/_____
                                          Francis H. Koh (DC Bar #486602)

                                          Old Georgetown Law, LLC.
                                          11406 Old Georgetown Rd.
                                          N. Bethesda, MD 20852
                                          (301) 881-3600

                                          Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| JEROME CARTER,                             ) | |
|                                            ) | Civil Case No. 05-1712 (RMC) |
|               Plaintiff,                  ) | |
|                                            ) | |
| v.                                         ) | |
|                                            ) | |
| WASHINGTON POST.                           ) | |
|                                            ) | |
|               Defendant.                  ) | |

## **ORDER**

Upon consideration of Defendant's Motion to Dismiss, and Plaintiff's Opposition and Motion to Amend Complaint, and any reply thereto by Defendant,

It is this ___ day of November , 2005, it is hereby:

ORDERED, that Defendant's Motion to Dismiss is hereby DENIED;
       it is further

ORDERED,  Plaintiff's Motion to Amend Complaint is hereby GRANTED; and it is further

ORDERED, that Plaintiff's Amended Complaint is hereby ENTERED.


                                                        _____
                                                        U.S. Dist. Ct. Judge

6

Copies to:

Francis H. Koh (DC Bar #486602)
Old Georgetown Law, LLC.
11406 Old Georgetown Rd.
N. Bethesda, MD 20852

Jacqueline M. Holmes (D.C. Bar No. 450357)
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C. 20001