UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JEROME CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 05-1712 (RMC) |
| | ) | |
| THE WASHINGTON POST, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT THE WASHINGTON POST'S REPLY IN SUPPORT OF ITS MOTION
TO DISMISS THE COMPLAINT**

Alison Marshall (D.C. Bar No. 426168)
Jacqueline M. Holmes (D.C. Bar No. 450357)
Michelle N. Johnson (D.C. Bar No. 491910)
JONES DAY
51 Louisiana Avenue N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

ATTORNEYS FOR DEFENDANT

## PRELIMINARY STATEMENT

In its Opening Memorandum of Law in Support of its Motion to Dismiss the Complaint ("Mem."), Defendant The Washington Post ("The Post") established that

- Plaintiff's Complaint failed to state a claim for relief under the Fifth Amendment because The Post is not a governmental actor (Mem. at 9-10);

- the Court lacks subject matter jurisdiction over Plaintiff's claims under Title VII of the Civil Rights Act ("Title VII") and the Americans With Disabilities Act ("ADA") because Plaintiff failed to exhaust his administrative remedies with respect to those claims (Mem. at 16-22);

- Plaintiff failed to allege facts that, if proven, would establish either a hostile work environment or a retaliation claim under Title VII (Mem. at 10-13);

- Plaintiff failed to state a failure to accommodate claim under the ADA (Mem. at 13-16); and

- as plead, Plaintiff's Complaint was untimely because it was not filed within 90 days after the date Plaintiff claimed he received his right-to-sue Notice from the Equal Employment Opportunity Commission (Mem. at 22-23).

Effectively conceding that his prior Complaint could not withstand dismissal, Plaintiff responded to The Post's Motion by filing a First Amended Complaint ("Am. Compl.") that attempts to cure some of these pleading deficiencies, and a short Memorandum in Opposition to The Post's Motion ("Opp."). This Complaint no longer asserts a Fifth Amendment claim, so that is no longer an issue for this Court. The Complaint still asserts three counts: one alleging a hostile work environment and retaliation claim under Title VII (Count I); one alleging failure to accommodate under the ADA (Count II); and one alleging improper denial of leave under the

Family Medical Leave Act ("FMLA") (Count III). Having recast his allegations in an effort to match the elements of his claims, Plaintiff now conclusorily asserts that he has pled sufficient facts to establish viable claims under Title VII and the ADA.[1] Despite this repleading, Counts I and II of Plaintiff's First Amended Complaint must still be dismissed for the following reasons:

First, Plaintiff does not address (and thus effectively concedes) Defendant's argument that he failed to exhaust his administrative remedies with respect to his Title VII claim. Specifically, Plaintiff's EEOC charge did not refer to *any* Title VII claim, much less to his specific hostile work environment and retaliation claims, and Plaintiff does not contend otherwise. These claims should therefore be dismissed. Nor did Plaintiff ever assert a failure to accommodate claim in his EEOC charge. Thus, his conclusory allegation (Opp. 4) that he exhausted his administrative remedies under the ADA should be rejected.

Second, although he attempts to include more factual substance in his complaint, Plaintiff has still not asserted sufficient facts that, if proven, could establish a hostile work environment claim under Title VII. The actions about which he complains -- a single, isolated incident in which his supervisor allegedly screamed at him and pushed him, receiving more work assignments, and being told he could not leave work early -- clearly do not rise to the level of a hostile work environment and, as a matter of law, fail to state a Title VII claim.

For these reasons, and those asserted in Defendant's memorandum of law in support of its Motion, this Court should dismiss Counts I and II of Plaintiff's First Amended Complaint.

---

[1] Plaintiff's Amended Complaint also alleges, for the first time, that The Post improperly denied him leave that he requested pursuant to the FMLA. The Post will not move to dismiss this count, but instead will answer it within the ten-day period allowed by Federal Rule of Civil Procedure 15(a). *See* Fed. R. Civ. Proc. 15(a).

# ARGUMENT

## I.    STANDARD OF REVIEW

Plaintiff's Opposition incorrectly suggests -- without any legal basis -- that the Court should "treat Defendant's opposition [sic] as a motion for summary judgment." Opp. 1. The established law in this Circuit is clear: motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and/or 12(b)(6) are not converted to motions for summary judgment if the Court limits its reference to the complaint *and* any documents attached to or referenced in the complaint. *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624-25 (D.C. Cir. 1997), *remanded to* 20 F. Supp. 2d 66 (D.D.C. 1998), *aff'd*, 254 F.3d 315 (D.C. Cir. 2000) (table) (in ruling on a 12(b)(6) motion, the court may consider documents "attached to or incorporated in the complaint."); *Scott v. England*, 264 F. Supp. 2d 5, 7 (D.D.C. 2002) (in ruling on a 12(b)(1) motion, "the court may consider such materials outside the pleadings as it deems appropriate to determine whether it has jurisdiction over the case") (citing *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992)); *Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999), *aff'd* 38 Fed. Appx. 4 (D.C. Cir. 2002) ("[When reviewing a motion under Fed. R. Civ. P. 12(b)(6), . . .where a document is referred to in the complaint and is central to plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment.") (citation omitted). All of the documents to which The Post referred in its Motion were either attached to, or referenced in, Plaintiff's Complaint. Plaintiff does not contend otherwise. Thus, the Court is at liberty to refer to these documents in considering The Post's Motion without converting the motion into one seeking summary judgment.

## II.    PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES AS REQUIRED BY TITLE VII AND THE ADA

Counts I and II of Plaintiff's Amended Complaint should be dismissed for his failure to exhaust his administrative remedies pursuant to Federal Rule of Civil Procedure 12(b)(1). *Jeffers v. Chao*, No. Civ.A. 03-1762, 2004 WL 3257069, at *3 (D.D.C. Sept. 21, 2004) (Collyer, J.) (citation omitted), *reconsideration denied*, No. Civ.A. 03-1762, 2005 WL 1432374 (D.D.C. June 14, 2005). Under Rule 12(b)(1), Plaintiff "bears the burden of proving by a preponderance of the evidence that [the] court has subject matter jurisdiction to hear [his] case." *Wilbur v. CIA*, 273 F. Supp. 2d 119, 122 (D.D.C. 2003) (citation omitted), *aff'd* 335 F.3d 675 (D.C. Cir. 2004). In ruling on a motion seeking dismissal pursuant to Rule 12(b)(1), the allegations of the complaint "'will bear closer scrutiny . . . than in resolving a 12(b)(6) motion for failure to state a claim.'" *Wilbur*, 273 F. Supp. 2d at 122 (citations omitted).

Plaintiff has failed to establish that this Court has subject matter jurisdiction over his Title VII and ADA claims. Plaintiff contends (Opp. 2) that his Amended Complaint "squarely renders moot" the arguments in The Post's Motion to Dismiss, even though nothing in Plaintiff's Amended Complaint or his Opposition addresses The Post's arguments that Plaintiff failed to exhaust his administrative remedies. In fact, in his opposition to The Post's Motion, Plaintiff offers no response to The Post's argument that he failed to present his Title VII claim to the EEOC. And Plaintiff addresses exhaustion of his ADA claim only in the most conclusory fashion, and in a way that fails to rebut The Post's argument that the Court lacks subject matter jurisdiction over these claims. Under the circumstances, this Court may therefore deem Plaintiff to have conceded that he failed to exhaust these administrative remedies as the law requires. In any event, however, Plaintiff's failure to exhaust requires dismissal of his Title VII hostile work environment claim, his Title VII retaliation claim, and his ADA failure to accommodate claim.

### A. Plaintiff has Conceded The Post's Argument that he Failed to Exhaust his Administrative Remedies.

No where in his opposition to The Post's Motion does Plaintiff address substantively a fundamental defect in his case:  that he failed to exhaust his administrative remedies under either Title VII or the ADA.  Rather, as he did in his prior complaint, Plaintiff's First Amended Complaint simply asserts in a conclusory fashion that he "timely filed a discrimination, hostile work environment, and retaliatory action claim with the [EEOC] . . . ."  Am. Compl. ¶ 12.  He further alleges that his "factual submission to the EEOC did allege circumstances for ADA violations."  Opp. 4.  Plaintiff's failure to address Defendant's exhaustion argument is fatal to his claims.

"[W]hen a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded, even when the result is dismissal of the entire case."  *Stephenson v. Cox*, 223 F. Supp. 2d 119, 121 (D.D.C. 2002) (citations omitted); *see also Hopkins v. Women's Div., General Bd. of Global Ministries*, 238 F. Supp. 2d 174, 178 (D.D.C. 2002) ("It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that plaintiff failed to address as conceded.") (citations omitted); *Bancoult v. McNamara*, 227 F. Supp. 2d 144, 150 (D.D.C. 2002) (granting motion to dismiss as conceded where plaintiff filed a motion for leave to conduct discovery in lieu of an opposition to defendant's motion to dismiss based on insufficiency of process.  "Even if the court were to treat the plaintiffs' motion for leave as a memorandum in opposition to [defendant's] motion, the plaintiffs still fail to present any argument countering [defendant's] assertion of ineffective service of process.") (citation omitted).

Here, Plaintiff does not provide any substantive argument in response to Defendant's assertion that he failed to present his current Title VII and ADA claims to the EEOC in the first instance. Nor does his Amended Complaint plead anything new in that regard. Therefore, the Court may treat Defendant's arguments on this issue as conceded and dismiss Plaintiff's Title VII and ADA claims. *See Stephenson*, 223 F. Supp. 2d at 122 ("The court's role is not to act as an advocate for the plaintiff and construct legal arguments on his behalf in order to counter those in the motion to dismiss.").

### B. <u>Plaintiff's Title VII and ADA Claims Were Not Presented to the EEOC.</u>

Pursuant to Title VII and the ADA, Plaintiff was required to present his claims to the EEOC before filing suit in this Court. *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995), *cert. denied* 519 U.S. 811 (1996) ("Title VII requires that a person complaining of a violation file an administrative charge with the EEOC and allow the agency time to act on the charge."); *Marshall v. Federal Express Corp.*, 130 F.3d 1095, 1098 (D.C. Cir. 1997) ("Before bringing suit in federal court, ADA plaintiffs, like those under Title VII, must exhaust their administrative remedies by filing an EEOC charge and giving that agency a chance to act on it.") (citing 42 U.S.C. § 12117(a); *Park*, 71 F.3d at 907-09).

As The Post exhaustively argued in its Motion (Mem. at 17-21), nowhere in his EEOC Charge does Plaintiff set forth any of the claims he now attempts to assert in this action. Rather, the sole basis for Plaintiff's EEOC charge was the fact the he refused to provide a medical release enabling The Post to verify his absence. *See* Exhibit 1, Charge of Discrimination filed May 18, 2005.[2] His failure to indicate *anywhere* in his charge that he was asserting *any* claims under Title VII renders those claims subject to dismissal. *See Park*, 71 F.3d at 908 (granting

---

[2] References to exhibits are to the exhibits attached to Defendant's Motion to Dismiss filed on October 6, 2005.

dismissal of plaintiff's hostile work environment claim where her EEOC charge lacked the words "hostile work environment," as well as any factual allegations supporting such a claim.").

Similarly, *nowhere* in his charge does Plaintiff set forth a failure to accommodate claim, which is the only ADA claim that Plaintiff asserts in his Complaint. *See* Am. Compl. ¶ 57 ("Plaintiff repeatedly requested accommodation such as lighter duty, transfer to less strenuous activity, time off for medical procedures, transfer, and request for leave . . . all of which were denied by Defendant."); *id.* ¶ 58 ("Notwithstanding Plaintiff's confirmed disability/illness, Defendant wrongfully failed to reasonably accommodate Plaintiff's condition to a position involving less strenuous physical labor."). Plaintiff alleges that Defendant terminated his employment "as retaliation for filing earlier complaints . . . " in violation of Title VII, not because of his alleged disability. Am. Compl. ¶ 44. And the fact that Plaintiff conclusorily asserted before the EEOC that he was terminated *because of* his alleged disability does not save his failure to accommodate claim. *See Marshall*, 130 F.3d at 1098 (holding that plaintiff did not exhaust her administrative remedies with respect to her failure to accommodate claim where her charge merely asserted that she was denied a position because of her disability and made "no mention of any refusal to accommodate her lifting limitations . . . ."); *Bugg-Barber v. Randstad US, L.P.*, 271 F. Supp. 2d 120, 132 (D.D.C. 2003) (Collyer, J.) (holding that plaintiff's failure to accommodate claim was not properly exhausted where the earliest and latest date of the alleged discrimination was the date of her termination and did not include the dates on which she was allegedly denied reasonable accommodations).

For these reasons, and the reasons set forth in The Post's Motion, Plaintiff's Title VII and ADA claims should be dismissed because he failed to exhaust his administrative remedies.

## III.    PLAINTIFF'S COMPLAINT FAILS TO ASSERT A COGNIZABLE HOSTILE WORK ENVIRONMENT CLAIM UNDER TITLE VII.

Plaintiff's Amended Complaint adds a few new allegations regarding his alleged

treatment by The Post, including a new allegation that his alleged differential treatment was

because he "was an African American, race, and color black . . . ." Am. Compl. ¶ 47.

Nonetheless, he still fails to allege facts that, if proven, are sufficient to establish a cognizable

hostile work environment claim.

Title VII requires that Plaintiff allege conduct that "'permeates [the workplace] with

discriminatory intimidation, ridicule and insult that is sufficiently severe or pervasive to alter the

conditions of the victim's employment and create an abusive working environment.'" *Childs-*

*Pierce v. Util. Workers Union of Am.*, 383 F. Supp. 2d 60, 77 (D.D.C. 2005) (quoting *Oncale v.*

*Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998)).  When determining whether a work

environment is sufficiently hostile to qualify under Title VII, "a court should consider: (1) the

frequency of the discriminatory conduct; (2) the severity of the conduct; (3) whether the conduct

is physically threatening or merely offensive; and (4) whether the conduct reasonably interferes

with the employee's performance." *Id.* (citing *Faragher v. Boca Raton*, 524 U.S. 775, 787

(1998).  In *Childs-Pierce*, the court held that the plaintiff failed to establish a hostile work

environment under Title VII where plaintiff alleged "that she was 'subject to unwelcome

harassment when she was suspended for five days; denied sick leave; ordered to provide medical

documentation; ordered to undergo an [independent medical examination]; ordered to provide a

birth certificate; ordered to return the office keys prior to her suspension; and terminat[ed].'"

*Childs-Pierce*, 383 F. Supp. 2d at 78.  In rejecting plaintiff's claim, the court observed that

plaintiff "attempts to cobble together a hostile work environment claim from discrete acts of

alleged discrimination against her that are neither severe nor widespread." *Id.* at 79.

Similar to the plaintiff in *Childs-Pierce*, Plaintiff here attempts to "cobble together" a series of discrete, isolated events that occurred over a five-year time span, and argue that he was the victim of a discriminatory hostile work environment. However, even assuming as true each instance of the allegedly hostile conduct Plaintiff claims he experienced, those instances fail to add up to a cognizable Title VII hostile work environment claim. Not only does Plaintiff's alleged encounter with his manager in 2000 fall well outside the applicable limitations period, but the alleged events, taken together, were not sufficiently severe or pervasive to satisfy the standard for such a claim:

- On October 29, 2000, Plaintiff's "general worker manger, Bernard Mornot, screamed and cursed at Plaintiff" and "began pushing and shoving Plaintiff[.]" Am. Compl. ¶¶ 21-22. Plaintiff met with representatives of the Company's human resources department regarding his complaint against Mr. Mornot between October 2000 and March 2001. *Id.* ¶ 23.

- Nearly four years later, on or about April 2004, Plaintiff complained to Mr. Mornot about Mr. Wilson and another co-worker who left regularly before the end of his shift. Am. Compl. ¶ 25.

- Six months later, on October 15, 2004, Plaintiff's supervisor, Mr. Wilson, allegedly "assigned Plaintiff an inordinate amount of work, to cover for an idle co-worker." *Id.* ¶¶ 25-26.

- At some unspecified time, Plaintiff asked Mr. Wilson if he could leave early because of Plaintiff's shoulder condition, but Mr. Wilson declined and later suspended Plaintiff for three days for leaving prior to the end of his shift. Am. Compl. ¶ 28.

- On or about October 18, 2004, Plaintiff was placed on medical leave and was required to undergo a psychiatric and medical evaluation as a condition of returning to work, against his will. Am. Compl. ¶ 29. Plaintiff was never provided with a copy of the psychiatric and medical evaluation. *Id.* ¶ 40.

- Plaintiff was suspended for missing work on November 19, 2004. Am. Compl. ¶ 36.

- On January 26, 2005, Plaintiff was terminated. Am. Compl. ¶ 39.

These isolated events, spread out over a five-year period, simply do not establish a hostile work environment claim because they are neither severe nor pervasive. Nor are any of them race-specific. Dismissal is therefore appropriate as a matter of law. *See O'Neal v. England*, No. Civ.A. 02-0172, 2003 WL 21788957, at *2 (D.D.C. Feb. 25, 2003) (holding that one incident during which plaintiff was called a racial slur did "not rise to the level of severe and pervasive discriminatory conduct . . . ." under Title VII); *Brooks-Miller v. England*, 357 F. Supp. 2d 197, 201 (D.D.C. 2004) (dismissing plaintiff's hostile work environment claim pursuant to Rule 12(b)(6) where the complaint did not allege how the "conduct constitute[d] 'severe and pervasive' behavior" and did not indicate why plaintiff "believe[d] the alleged harassment occurred on account of her race . . . .").

## <u>CONCLUSION</u>

For the reasons set forth above, and in The Post's Motion, Counts I and II of Plaintiff's Complaint and First Amended Complaint should be dismissed.

_____/s/_____
Alison Marshall (D.C. Bar No. 426168)
Jacqueline M. Holmes (D.C. Bar No. 450357)
Michelle N. Johnson (D.D.C. Bar No. D00258)
JONES DAY
51 Louisiana Avenue N.W.
Washington, D.C.  20001
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700

ATTORNEYS FOR DEFENDANT
