UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEROME CARTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No.: 05-1712 (RMC) |
| | ) |
| THE WASHINGTON POST, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ANSWER AND AFFIRMATIVE DEFENSES

Having moved to dismiss Counts I and II of Plaintiff's First Amended Complaint

("Complaint") in the above-captioned matter, Defendant The Washington Post ("The Post"), by

its undersigned counsel, files the following Answer and Affirmative Defenses to Count III only

of Plaintiff's Complaint:

## PRELIMINARY STATEMENT

1.      The allegations contained in Paragraph 1 of the Complaint are legal conclusions

to which no responsive pleading is required.  To the extent that a responsive pleading is deemed

necessary, the allegations are denied.

2.      The Post admits that Plaintiff is over the age of 18, and that his employment with

The Post was terminated on January 26, 2005.  The Post denies any remaining allegations

contained in Paragraph 2 of the Complaint.

3.      The Post admits that Plaintiff is an African American, color black.  The remaining

allegations contained in Paragraph 3 of the Complaint are legal conclusions to which no

responsive pleading is required.  To the extent that a responsive pleading is deemed necessary,

the allegations are denied.

4.      The Post admits that it is an employer within the meaning of Title VII of the Civil Rights Act and the Americans with Disabilities Act of 1990.  Any remaining allegations contained in Paragraph 4 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent that a responsive pleading is deemed necessary, the allegations are denied.

**JURISDICTION AND VENUE**

5.      The allegations contained in Paragraph 5 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed necessary, the allegations are denied.  The Post has moved to dismiss Counts I and II of the Complaint for, among other reasons, lack of subject matter jurisdiction.

6.      The Post admits that it performs business and is headquartered in Washington, DC, at 1150 15th Street, N.W., Washington, DC 20071.  The remaining allegations contained in Paragraph 6 of the Complaint are legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is deemed necessary, the allegations are denied.

7.      The allegations contained in Paragraph 7 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed necessary, the allegations are denied.

8.      The allegations contained in Paragraph 8 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed necessary, the allegations are denied.

9.      The allegations contained in Paragraph 9 of the Complaint are legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed necessary, the allegations are denied.

10.     The allegations contained in Paragraph 10 of the Complaint are legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is deemed necessary, the allegations are denied.

11.     The Post admits that it employs more than 15 people. The remaining allegations contained in Paragraph 11 of the Complaint are legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is deemed necessary, the allegations are denied.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

12.     The allegations contained in Paragraph 12 of the Complaint are legal conclusions to which no responsive pleading is required. The Post has moved to dismiss Counts I and II of Plaintiff's First Amended Complaint for, among other reasons, Plaintiff's failure to exhaust his administrative remedies as required by Title VII of the Civil Rights Act and the Americans With Disabilities Act. To the extent a responsive pleading is deemed necessary, the allegations are denied for the reasons set forth in The Post's Memorandum in Support of Its Motion to Dismiss the Complaint, and Reply Brief in support of same.

13.     The Post admits that Plaintiff filed a claim for unemployment compensation with the Virginia Employment Commission, that the claim for benefits was originally denied, and that Plaintiff appealed the denial and was subsequently granted benefits. The Post is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 13 of the Complaint, and therefore denies those allegations.

14.     The Post admits that the Virginia Employment Commission issued a decision regarding Plaintiff's claim for unemployment benefits on or about April 15, 2005, and that the decision is attached as Exhibit 2 to the Complaint. The Post denies the remaining allegations contained in Paragraph 14 of the Complaint.

## BACKGROUND

15.     Plaintiff was terminated from his employment with The Post on January 26, 2005. The Post admits the remaining allegations contained in Paragraph 15 of the Complaint.

16.     The Post admits that Plaintiff's first line supervisor was Bruce Wilson, and that Mr. Wilson's job title is Assistant Foreman.  The Post denies the remaining allegations contained in Paragraph 16 of the Complaint.

17.     The Post admits that Plaintiff's second line supervisor was Bernadin Mornot, and that Mr. Mornot's title is Pressroom Support Services Manager.  The Post denies the remaining allegations contained in Paragraph 17 of the Complaint.

18.     The Post admits the allegations contained in Paragraph 18 of the Complaint.

19.     The Post admits that Plaintiff's duties, among others, included keeping the pressroom clean, keeping the presses and machinery clean, and handling newspaper waste.  The Post denies the remaining allegations contained in Paragraph 19 of the Complaint.

## COUNT I - TITLE VII - HOSTILE WORK PLACE ENVIRONMENT AND IMPROPER RETALIATORY/ADVERSE ACTION

20. - 50.      The Post has filed a motion to dismiss Count I of the Complaint in its entirety, and therefore no responsive pleading is required at this time.  The Post reserves its right to respond to the allegations contained in Paragraphs 20-50 of the Complaint, and to raise any additional affirmative defenses that may be particularly associated with that Count, if it should become necessary to do so.

## COUNT II - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990

51.-58.      The Post has filed a motion to dismiss Count II of the Complaint in its entirety, and therefore no responsive pleading is required at this time.  The Post reserves its right to respond to the allegations contained in Paragraphs 51-58 of the Complaint, and to raise any

additional affirmative defenses that may be particularly associated with that Count, if it should become necessary to do so.

## COUNT III - VIOLATION OF FMLA

59.     The Post hereby incorporates its responses to Paragraphs 1-58 of the Complaint, above, as if fully set forth herein.

60.     The Post denies the allegations contained in Paragraph 60 of the Complaint.

61.     The Post denies the allegations contained in Paragraph 61 of the Complaint.

62.     The Post denies the allegations contained in Paragraph 62 of the Complaint.

## PRAYER FOR RELIEF

The Post denies that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" paragraph following Paragraph 62 of the Complaint, including sub-paragraphs (1)-(8), or any relief whatsoever.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Post had legitimate, non-discriminatory, non-retaliatory business reasons for any actions taken with respect to Plaintiff's employment, and such actions were not taken to deny Plaintiff any alleged rights under the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA").

## THIRD AFFIRMATIVE DEFENSE

The Post at all times referenced by Plaintiff acted in good faith with regard to Plaintiff's alleged FMLA rights.

## FOURTH AFFIRMATIVE DEFENSE

The Post did not interfere with, restrain, or deny the exercise, or the attempted exercise, of any alleged right under the FMLA.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any relief under the FMLA because Plaintiff did not qualify for FMLA leave and/or did not comply with the requirements of the FMLA.

## SIXTH AFFIRMATIVE DEFENSE

Assuming Plaintiff was entitled to FMLA leave, Plaintiff failed to request leave and/or give notice to his employer of the need for such leave as required by the FMLA.

## SEVENTH AFFIRMATIVE DEFENSE

Assuming Plaintiff was entitled to FMLA leave, Plaintiff failed to notify his employer of such foreseeable leave as required by the FMLA.

## EIGHTH AFFIRMATIVE DEFENSE

Assuming Plaintiff was entitled to FMLA leave, Plaintiff failed to make a reasonable effort to schedule his leave so as to not unduly interrupt the operations of his employer, as required by the FMLA.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff failed to comply with his employer's reasonable policies regarding FMLA leave.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff did not present proper certification for the leave he alleges that he sought in November 2004. Plaintiff was granted all leave due under the certifications presented to The Post. The Post satisfied any and all possible rights Plaintiff alleges he was due under the FMLA.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any statutory, compensatory, punitive or liquidated damages as a matter of law.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages are speculative, and are unavailable as a matter of law.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Post reserves the right to assert any additional defenses revealed through discovery in this case. The Post also reserves the right to assert additional affirmative defenses as may be appropriate in connection with Counts I and II of Plaintiff's Complaint, should it become necessary to do so.

To the extent any allegations contained within the Complaint have not been admitted or denied, they are hereby denied.

WHEREFORE, The Post denies that it is liable on any claim made in the Plaintiff's Complaint, requests that the Court grant Plaintiff no relief by way of the Complaint, requests that the Complaint be dismissed with prejudice, and requests judgment in its favor together with costs and fees.

_____/s/_____

Alison Marshall (D.C. Bar No. 426168)
Jacqueline M. Holmes (D.C. Bar No. 450357)
Michelle N. Johnson (D.C. Bar No. 491910)
JONES DAY
51 Louisiana Avenue N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

ATTORNEYS FOR DEFENDANT
