## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| JEROME CARTER ) | |
| ) | Civil Case No. 05-1712 (RMC) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| THE WASHINGTON POST. ) | |
| ) | |
| Defendant. ) | |
| ) | |

## PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT AND MEMORANDUM IN SUPPORT

Plaintiff, Jerome Carter, by and through the undersigned counsel, hereby files this Motion

To Alter or Amend Judgment and Memorandum in Support pursuant to Fed. R. Civ. Pro. 59(e)

on the Court's opinion and order entered on May 15, 2006.

In short, the court erred in dismissing Counts 1 and 2 of Plaintiff's amended complaint by

granting summary judgment in part to Defendant. The Court incorrectly determined that Mr.

Jerome Carter did not make out charges for discrimination, hostile work environment, and

retaliation in violation of Title VII as a matter of law, being persuaded by Defendant's Exhibit 1,

Page 4 of 5, showing where only the box for disability was marked. In actuality, the Exhibit 1

proffered by Defendant was not the original charge form filed by the Plaintiff, but a greatly

redacted and filtered charging form completed by an EEOC investigator, which Plaintiff believes

to be Ms. Elisa Cogswell. His original charging document marked by hand, the boxes for Race,

Color, Retaliation, as well as Disability. *See* Plaintiff's Exhibit 1, Showing Affidavit of Jerome

Carter attesting to having marked Race, Color, Retaliation, and Disability in his original charging

element.

**Standard of Review**

District Courts have broad discretion to grant or deny a Motion to alter or amend Judgment and may invoke its discretion based on intervening change in law, availability of new evidence, or the need to correct clear error or manifest injustice. *Cobell v. Norton*, 226 F. Supp. 2d. 177 (D.D.C 2002).

The Court in *Fresh Kist Produce, LLC v. Choi Corp., Inc.*, 2003 DDC 67 (DDC, 2003) granted the Plaintiff's Motion to Alter or Amend Judgment to award Plaintiff prejudgment interest even though he failed to include it in his Motion for Summary Judgment.

Similarly, Plaintiff in the present case failed to include the affidavit that would have supported his position that he did in fact make his claims for discrimination based on race, color, and retaliation, along with disability at the EEOC level.

**ARGUMENT**

**A. Title VII Violation**

The Court's basis for dismissing Plaintiff's Title VII lies with the determination that Plaintiff did not even "hint" at such an allegation in his EEOC charge. However, the original charging form filled out by Plaintiff did have boxes that more than hint at allegations of Title VII violations as he specifically, by hand, marked the boxes for Race, Color, Retaliation, as well as Disability. The version of the charging form produced by Defendant in its Exhibit 1 is <u>not</u> the original as filed with the EEOC and Plaintiff is diligently contacting the EEOC to obtain the original hand written charging form rather than the modified and redacted one completed on Mr.

Carter's behalf by the EEOC investigator that left out all discriminations except for disability. His original charging form submitted to the EEOC claimed discriminations based on his African American race, black color, and the fact that Defendant created a hostile work place environment, and subsequently fired him in retaliation for making complaints about his work environment and for requesting accommodation for his physical condition.

Plaintiff wholly agrees with the Court's opinion that an employee is not required to use magic words to make out a proper form of discrimination charge. Plaintiff made the appropriate charges and checked off the appropriate areas of the form, but the EEOC rather completed a new charging form in place of the original filed by the Plaintiff, which failed to properly convey the claims and charges of discrimination Plaintiff marked in his original complaint.

### B. ADA Violations

The Court's Opinion from the last paragraph of page 8, states that "the law does not hold an employee to use magic words to make out a proper form of discrimination charge." However, with all due respect, the Court seems to be imposing the very requirement on Plaintiff in barring his claim for disability violation claiming that he did not make a claim for denial of light duty or accommodations in his EEOC charge as he did in his court filed amended complaint. Again, the version proffered by the EEOC is not the original submitted by Plaintiff who acted *pro se* at the time. Rather, the greatly redacted and filtered version rendered on the Plaintiff's behalf by the EEOC investigator is proffered by the Defendant to summarily and conveniently dispense with Plaintiff's ADA claims on a play of semantics that could hardly be expected or imposed upon non-attorneys such as the Plaintiff during the EEOC administrative phase. Plaintiff's affidavit clearly states that he did in fact discuss the abusive treatment and the hostile and retaliatory

environment he was subjected to as well as the Defendant's unwillingness to accommodate, and in fact, use his disability to discriminate and finally terminate him from the Washington Post.


## CONCLUSION

The key evidence the Court based its decision is inaccurate and not reflective of the actual and original charge filed by the Plaintiff before the EEOC. Plaintiff has submitted an affidavit attesting to the inaccuracy, and most importantly, incompleteness of the proffered Exhibit 1 by Defendants, and will soon submit supplemental documents to support his contention as soon as he obtains original charging documents from the EEOC. Lastly, the motion to Alter or Amend Judgment in the present case is necessary in the interest of justice and fairness. *See Fresh Kist Produce, LLC. v. Choi Corp., Inc*. 2003 DDC 67 (DDC, 2003) (citing W.C. & A.N. Miller Cos. v. United States, 173 F.R.D. 1, 3 (D.D.C. 1997).


**WHEREFORE**, Plaintiff respectfully requests that the Court Alter or Amend its decision and allow Plaintiff's Counts 1 and 2 to be reinstated in the subject action.


## REQUEST FOR HEARING

Plaintiff respectfully requests a hearing on the foregoing matter.

4

Respectfully Submitted,

Dated: May 25, 2006          by:     _____/s/_____

Francis H. Koh (DC Bar #486602)

Old Georgetown Law, LLC.
11406 Old Georgetown Rd.
N. Bethesda, MD 20852
(301) 881-3600

Counsel for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| JEROME CARTER, ) | Civil Case No. 05-1712 (RMC) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| WASHINGTON POST. ) | |
| Defendant. ) | |

## <u>ORDER</u>

Upon consideration of Plaintiff's Motion to Alter or Amend Judgment, and Defendant's Opposition, and any reply thereto,

It is this ___ day of June 2006, it is hereby:

**ORDERED**, that Plaintiff's Motion to Alter or Amend Judgment is hereby GRANTED; it is further

**ORDERED**, that Counts I and II are reinstated.

_____
United States District Judge

6

Copies to:

Francis H. Koh (DC Bar #486602)
Old Georgetown Law, LLC.
11406 Old Georgetown Rd.
N. Bethesda, MD 20852

Jacqueline M. Holmes (D.C. Bar No. 450357)
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C. 20001

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| JEROME CARTER ) | Civil Case No. 05-1712 (RMC) |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| THE WASHINGTON POST. ) | |
| ) | |
| Defendant. ) | |
| ) | |

## **AFFIDAVIT OF JEROME CARTER**

I, <u>Jerome Carter</u>, hereby attest subject to the laws of perjury the following:

I completed and filed with the EEOC, charging forms written by hand, marking boxes for Race, Color, Retaliation, as well as Disability. My filed form included hand written notes that Defendant allowed a hostile work place to persist. My notes further complained of Defendant's failure to accommodate my disability due to injuries I sustained from work, and the fact that Defendant used my disability to discriminate against me, subjecting me to take medical tests and treatments, refusing to accommodate me to lighter duty work, and eventually terminated me. The EEOC charging forms proffered by Defendant in their Exhibit 1 of their Motion to Dismiss is inaccurate and does not reflect the selections and information I provided in my original charging form.

The foregoing statements are true and correct to the best of my knowledge.

8

Dated: May 25, 2006

_____
                Jerome Carter