UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEROME CARTER, ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE WASHINGTON POST, ) <br> ) <br>    Defendant. ) <br> ) | Civil Action No.: 05-1712 (RMC) |

**DEFENDANT THE WASHINGTON POST'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT**

Alison Marshall (D.C. Bar No. 426168)
Jacqueline M. Holmes (D.C. Bar No. 450357)
Michelle N. Johnson (D.C. Bar No. 491910)
JONES DAY
51 Louisiana Avenue N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

ATTORNEYS FOR DEFENDANT THE
WASHINGTON POST

## **PRELIMINARY STATEMENT**

On May 15, 2006, this Court granted The Washington Post's ("The Post") Motion to Dismiss Counts I and II of Plaintiff's Amended Complaint. Those counts alleged that The Post discriminated against Plaintiff on the basis of his race, in violation of Title VII of the Civil Rights Act ("Title VII"), and that he was denied a reasonable accommodation in violation of the Americans With Disabilities Act ("ADA"). The Court correctly held that it lacked subject matter jurisdiction over these claims because Plaintiff failed to exhaust his administrative remedies before bringing suit. Plaintiff now seeks to overturn that determination.

There is no basis to grant the extraordinary remedy of reconsideration here. From the day The Post filed its Motion to Dismiss on October 6, 2005, Plaintiff was on notice that his failure to exhaust his administrative remedies – as evidenced by the EEOC Charge he signed under penalty of perjury – was at issue. Even with this notice, however, Plaintiff's Opposition failed to address The Post's contention that he had not exhausted his administrative remedies, and certainly did not include any of the untimely arguments that Plaintiff now makes. Nor did Plaintiff submit any evidence suggesting that he actually had exhausted those remedies. Instead, Plaintiff waited in silence for seven months, allowed the Court to decide The Post's Motion based on the record before it, and now seeks to supplement that record with his own self-serving affidavit suggesting that certain documents he submitted to the EEOC (which he has not produced) somehow satisfy Title VII's, and the ADA's, exhaustion requirements. This effort should be rejected.

As Plaintiff effectively concedes, he has not submitted any "new" information for the Court to consider. Every assertion contained in Plaintiff's self-serving and unsupported affidavit was available to him when The Post filed its Motion, when Plaintiff opposed it, and throughout the months that the Motion remained pending before this Court. Plaintiff can not wait in silence

for the Court to dismiss his claims, and then attempt to ambush both the Court and The Post with his suggestion that the Court's order is erroneous because it did not consider information that Plaintiff supposedly had in his possession, but never submitted for consideration. And Plaintiff's contention that he is now "diligently contacting the EEOC" does not excuse his conduct here. There is nothing "diligent" about waiting seven months, letting the Court rule on this issue, and then bringing this unsupported claim.

Plaintiff's untimely, self-serving and unsupported submission is, in any event, legally insufficient to satisfy his obligation to exhaust his administrative remedies, and does not change the result here. The central purpose of the exhaustion requirement for remedial statutes like Title VII and the ADA is to put an employer on notice of the charges against it so that it can engage in conciliation and voluntary compliance with the statutes. It is the EEOC Charge – signed by Plaintiff under penalty of perjury and served on The Post – that serves this function. Any additional communications between Plaintiff and the EEOC are irrelevant to the exhaustion analysis, because those materials are not served on employers like The Post, and do not facilitate voluntary compliance with Title VII and the ADA.

Finally, Plaintiff's self-serving affidavit simply lacks credibility. His affidavit suggests that his EEOC Charge is inaccurate, in that it does not include all of his alleged bases for discrimination. Yet Plaintiff signed that charge under penalty of perjury, asserting that it was "true and correct." These conflicting statements provide no basis whatsoever for reconsideration of the Court's Order.

Each of these reasons provides an independent basis for denying Plaintiff's Motion. Taken together, they compel that conclusion. Plaintiff's Motion should be denied.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

1. Plaintiff Jerome Carter ("Plaintiff" or "Carter") filed his original complaint in this action on August 26, 2005. *See* Complaint. In this Complaint, he alleged that The Post discriminated against him in violation of Title VII, failed to accommodate his disability in violation of the ADA, and violated his rights under the Fifth Amendment to the United States Constitution. *Id.* Plaintiff attached 13 separate exhibits totaling approximately 35 pages to his Complaint. *Id.* A copy of the Charge of Discrimination that he filed with the EEOC was not among these exhibits. *Id.*

2. The Post promptly moved to dismiss all counts of Plaintiff's Complaint on the ground that each count failed to state a claim upon which relief could be granted. *See* Defendant The Washington Post's Motion to Dismiss the Complaint. In addition, The Post argued that the Court lacked subject matter jurisdiction over Plaintiff's Title VII and ADA claims because Plaintiff failed to exhaust his administrative remedies with respect to these claims. *Id.* In support of its Motion, The Post attached the administrative charge that Plaintiff filed on May 18, 2005 with the Equal Employment Opportunity Commission ("EEOC Charge"). *See* Defendant The Washington Post's Memorandum in Support of its Motion to Dismiss the Complaint, Exhibit 1. This charge contains Plaintiff's signature, and indicates that it was signed "under penalty of perjury," certifying that it is "true and correct." *Id.*

3. The Post's Motion argued that Plaintiff's EEOC Charge claimed only that Plaintiff was discharged when he failed to provide certain medical information to The Post, allegedly in violation of the ADA. *See* Defendant The Washington Post's Memorandum in Support of its Motion to Dismiss the Complaint at 16-21. Plaintiff's EEOC Charge did not allege that The Post discriminated against Plaintiff based on his race, as alleged in the Complaint, and did not allege that The Post failed to accommodate Plaintiff, also as alleged in the Complaint.

*Id.* For these reasons, The Post argued, the Court lacked subject matter jurisdiction over Plaintiff's Title VII and ADA claims. *Id.*

4.     On November 7, 2005, Plaintiff filed his Opposition to Defendant's Motion to Dismiss and accompanying Motion for Leave to File an Amended Complaint. *See* Plaintiff's Motion for Leave to File Amended Complaint and Opposition to Defendant's Motion to Dismiss. In it, Plaintiff argued that he had adequately stated claims of discrimination and retaliation under Title VII, and a claim of disability discrimination under the ADA. *Id.* at 2-4. Notably, Plaintiff did not oppose The Post's argument that Plaintiff had failed to exhaust his administrative remedies under Title VII (*id.*), and simply noted conclusorily that "Plaintiff's factual submission to the EEOC did allege circumstances for ADA violations." *Id.* at 4. Plaintiff's Amended Complaint also dropped his constitutional claim, and instead alleged a violation of the Family and Medical Leave Act.

5.     On May 15, 2006, the Court granted The Post's Motion to Dismiss Plaintiff's Title VII and ADA claims, holding that Plaintiff had failed to exhaust his administrative remedies as to these claims, and that therefore the Court lacked jurisdiction over them. *See* Memorandum and Order dated May 15, 2006.

6.     On May 25, 2006, Plaintiff filed his Motion to Alter or Amend Judgment and Memorandum in Support ("Motion"). In this Motion, Plaintiff argues that the EEOC Charge "produced by Defendant in its Exhibit 1 is <u>not</u> the original as filed with the EEOC," and claims that the original, hand-written charging form "specifically . . . marked the boxes for Race, Color, Retaliation, as well as Disability." Motion at 2. In support of this contention, Plaintiff has not submitted any documents actually filed with the EEOC, but rather has submitted an affidavit in which he claims that, during the EEOC proceedings, he made additional factual allegations about

race discrimination, retaliation, and disability discrimination that are not included in the EEOC Charge that he signed under penalty of perjury, and that was served on The Post. Motion, Exhibit 1. Plaintiff admits that he "failed to include the affidavit that would have supported his position that he did in fact make his claims for discrimination based on race, color, and retaliation . . . at the EEOC level" in opposing The Post's original Motion to Dismiss (Motion at 2), and promises to submit documents supporting his position "soon." *Id.* at 4.

7.  Prior to filing his Motion, Plaintiff did not consult with The Post as required by the Local Rules governing practice before this Court.

## ARGUMENT

There is no legal basis for Plaintiff's Motion. Plaintiff has not satisfied the standard to alter or amend judgment under Federal Rule of Civil Procedure 59(e) (which does not apply here in any event); nor has he satisfied the standard for this Court to exercise its inherent power to reconsider interlocutory orders. Because he has wholly failed to satisfy the heavy burden required for these extraordinary remedies, Plaintiff's Motion should be denied.

I.  **PLAINTIFF HAS NOT MET THE STANDARD TO ALTER OR AMEND JUDGMENT UNDER RULE 59(e).**

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend judgment under certain limited circumstances that do not apply here. Fed. R. Civ. Proc. 59(e). This rule applies only to *final* judgments, and not to interlocutory orders that do not finally dispose of all matters at issue between the parties. *Cobell v. Norton*, 213 F.R.D. 33, 34 (D.D.C. 2003) (Rule 59(e) does not apply where the court's "order was not a final judgment by [the] Court, but an interlocutory order."); *see also Keystone Tobacco Co. v. United States Tobacco Co.*, 217 F.R.D. 235, 237 (D.D.C. 2003). Such an interlocutory order is at issue here, and therefore Rule 59(e) does not apply.

In any event, however, even if Rule 59 relief was theoretically available to Plaintiff as a means to challenge the Court's May 15, 2006 Order, Plaintiff has failed to satisfy the legal standard for such a challenge. As courts in this district have noted, "the reconsideration and amendment of a previous order is an extraordinary measure," *Fresh Kist Produce, LLC v. Choi Corp.*, 251 F. Supp. 2d 138, 140 (D.D.C. 2003) (citation omitted), and "need not be granted unless the district court finds that there is an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (citations omitted).

Here, Plaintiff makes no effort whatsoever to argue that there has been a change in the controlling law, or that the Court made a "clear error" in its decision. Instead, he attempts to put before the Court purported "new evidence" in support of his position that he actually exhausted his administrative remedies as to both his Title VII claim and his ADA failure to accommodate claim, despite the fact that neither of these claims is mentioned in the EEOC charge that he filed and signed under penalty of perjury. This effort should be rejected for several reasons.

*First*, Plaintiff's purported "evidence" is not "new" within the meaning of Rule 59. "'[A] Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled . . . nor is it a vehicle for presenting theories or arguments that could have been advanced earlier.'" *Zyko v. Dep't of Defense*, 180 F. Supp. 2d 89, 90 (D.D.C. 2001) (citations omitted). Thus, in order to satisfy Rule 59(e)'s stringent standard, evidence submitted in support of such a motion must be "newly discovered," and must not have been available to the moving party prior to entry of judgment. *Consolidated Edison Co. of New York v. O'Leary*, 184 F.R.D. 1, 2 (D.D.C. 1998); *Richardson v. Aetna U.S. Healthcare*, No. Civ. 02-1603, 2003 WL 24009007, at *1 (D.D.C. Sept. 29, 2003) (denying motion for reconsideration

where there was "no mention of any . . . *newly* discovered evidence . . . .") (emphasis added); *see also United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) ("[Rule 59(e)] motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to the entry of judgment.") (citation omitted).

Here, Plaintiff's "new" evidence is a single-paragraph self-serving affidavit purporting to describe the proceedings before the EEOC with respect to his discrimination charge. This "evidence" has been available to Plaintiff since he met with the EEOC investigator in May 2005. It was available to him in November 2005 when he filed his Opposition to The Post's Motion to Dismiss – an Opposition that did not respond to The Post's argument that his Charge did not address the Title VII and ADA claims included in Plaintiff's Complaint. And it was available to him in the intervening six months before this Court granted The Post's Motion. Indeed, Plaintiff does not contend that this evidence is newly discovered; instead, he concedes that he simply "failed to include" it in the record on The Post's Motion. Mot. at 7. That is no basis upon which the Court can alter or amend its judgment.

The case that Plaintiff cites – *Fresh Kist Produce, LLC v. Choi Corp., Inc.*, 251 F. Supp. 2d 138 (D.D.C. 2003) – is not to the contrary. Indeed, there the District Court expressly noted that relief under Rule 59 is to be granted only in "extraordinary" cases, and held that the rule is not "a vehicle for presenting theories or arguments that could have been advanced earlier." *Id.* at 140. Moreover, the facts of *Fresh Kist* are markedly different from the facts here. Here, Plaintiff seeks not only to introduce additional evidence that has been in his possession since long before The Post filed its Motion, but also seeks to advance an argument that he never advanced in opposing The Post's Motion – i.e., that he did, in fact, exhaust his administrative

remedies. This is a far cry from *Fresh Kist*, where, in amending its judgment to include pre-judgment interest, the court expressly noted that "plaintiff did request pre-judgment interest in its motion for summary judgment," but simply omitted the legal support for the request. *Id.* at 141.

*Second*, in addition to the fact that it is now far too late for Plaintiff to bring his supposed "evidence" before the Court, that "evidence" is legally irrelevant to the question of whether or not he has adequately exhausted his administrative remedies. That is because the purpose of the exhaustion requirement is to provide notice to the employer and to encourage conciliation and voluntary compliance. *Butts v. City of New York Dep't of Hous., Pres. & Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993). Plaintiff's EEOC Charge is the only document served on The Post, and thus is the only document that can satisfy the exhaustion requirement. Conversations that Plaintiff may have had with EEOC investigators, and the forms that he filled out by hand at the EEOC, are thus irrelevant to the exhaustion analysis. *See Park v. Howard Univ.*, 71 F.3d 904, 909 (D.C. Cir. 1996) (holding that claims that were made in plaintiff's pre-complaint questionnaire but not raised in her EEOC charge could not be asserted in her lawsuit; "[t]o treat Intake Questionnaires willy-nilly as charges would be to dispense with the requirement of notification of the prospective defendant, since that is a requirement only of the charge and not of the questionnaire.") (internal citation and quotation marks omitted); *see also Terrell v. McGuire*, No. 03-4069, 2003 WL 22213132, at *4 (D. Kan. Aug. 27, 2003) (rejecting plaintiff's contention that she had exhausted administrative remedies as to claims raised in her EEOC intake questionnaire that were not contained in her EEOC charge, noting that "[e]ven if plaintiff had been acting pro se at the time she filed the EEOC charge, anyone reading it would realize that it did not include allegations of sexual harassment."); *Rogan v. Giant Eagle, Inc.*, 113 F. Supp. 2d 777, 788 (W.D. Pa. 2000), *aff'd*, 276 F.3d 579 (3d Cir. 2001) (holding that plaintiff

failed to exhaust her remedies regarding claims that were contained in her EEOC questionnaire but not contained in her EEOC Charge where "it is apparent from the record that [the plaintiff] received the charge, signed and dated it, and saw no reason to make any corrections to it. Her notarized signature attests that 'I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.'") (citation omitted); *Price v. Harrah's Maryland Heights Operating Co.*, 117 F. Supp. 2d 919, 922 (E.D. Mo. 2000) (holding that plaintiff failed to exhaust her administrative remedies pertaining to her claim of retaliation where she checked retaliation in her questionnaire but not in the EEOC Charge; "an intake questionnaire is not a charge."); *McCray v. DPC Indus., Inc.*, 942 F. Supp. 288, 295 (E.D. Tex. 1996) (holding that employee could not raise retaliation claim where there was "no evidence that [his employer] ever had access to his [intake] questionnaire or otherwise received notice from the EEOC that he was asserting a claim for retaliation."). Plaintiff's Motion should thus be denied for the independent reason that his belatedly-submitted affidavit is irrelevant to the exhaustion issue.

*Finally*, Plaintiff's affidavit is inconsistent with his EEOC Charge itself, and should therefore not be credited. In his EEOC Charge, Plaintiff was asked to set forth both the basis for his allegations of discrimination, and the "particulars" of that discrimination. *See* Defendant's Motion to Dismiss, Exhibit 1 (EEOC Charge). Plaintiff signed the charge, affirming "under penalty of perjury" that the information on it was "true and correct." *Id.* However, he now claims – again purportedly under oath – that the information contained in the charge is not correct, and that there are many other bases for discrimination. These inconsistent and self-serving statements should not be credited. *Cf. Beckel v. Wal-Mart Assocs., Inc.*, 301 F.3d 621, 623 (7th Cir. 2002) ("Affidavits, though signed under oath by the affiant, are typically and here

written by the affiant's lawyer, and when offered to contradict the affiant's deposition are so lacking in credibility as to be entitled to zero weight . . . .") (citations omitted).

Because Rule 59(e) does not apply to interlocutory orders, and because Plaintiff has failed to satisfy the standards to alter or amend judgment under Rule 59 in any event, the Court should deny Plaintiff's Motion.

## II.   PLAINTIFF HAS ALSO NOT SATISFIED THE STANDARD FOR RECONSIDERATION OF INTERLOCUTORY ORDERS.

Interlocutory orders such as the one at issue here are subject to reconsideration "within the discretion of the trial court." *Keystone Tobacco*, 217 F.R.D. at 237; *see also* Fed. R. Civ. Proc. 54(b). "This discretion to reconsider interlocutory orders is tempered somewhat by the 'Supreme Court's [admonition] that courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice.'" 217 F.R.D. at 237. It is further tempered "by the law of the case doctrine and subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (citations and internal quotation marks omitted). Thus, "the Court generally will grant a motion for reconsideration of an interlocutory order 'only when the movant demonstrates (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order.'" *Keystone Tobacco*, 217 F.R.D. at 237 (citation omitted). None of these circumstances is present here.

As noted above, Plaintiff does not argue that there has been an intervening change in the law, or that this Court made an error of law in deciding The Post's Motion. Instead, for the first time, Plaintiff contends that he actually exhausted his administrative remedies in filing certain

handwritten documents with the EEOC. He does not attach these documents, but instead attaches only a self-serving, "new" affidavit in support of his new position, promising to provide the operative documents "soon." Motion at 4. For the reasons stated above (*supra* at 6-9), this "evidence" is not new, is irrelevant to whether Plaintiff exhausted his administrative remedies, and is completely lacking in credibility. This is not a situation in which the Court is justified in changing its prior order.

The case upon which Plaintiff relies does not suggest otherwise. In *Cobell v. Norton*, 226 F. Supp. 2d 175 (D.D.C. 2002), the reconsideration motion was based not on the discovery of allegedly "new" evidence that was not new at all, which is the case here, but rather was based on the court's assumption about the defendant's conduct that turned out to be incorrect. *Id.* at 178. This Court's order is based on no such incorrect assumptions. Instead, it is based on a reasoned analysis of the applicable law – which Plaintiff does not challenge – to the facts as presented to it when the Motion was to be decided. Plaintiff has presented nothing that changes either the facts or the applicable legal standards, and therefore reconsideration is unwarranted.

\* \* \*

Plaintiff's Motion is little more than an attempt to avoid the consequences of Plaintiff's conduct of this litigation. It was Plaintiff who did not include allegations of race discrimination, retaliation, and failure to accommodate in the EEOC Charge that he signed "under penalty of perjury." It was Plaintiff who made no effort to file a second, curative EEOC Charge after The Post filed its Motion to Dismiss. It was Plaintiff who did not challenge The Post's contention that he had failed to exhaust his administrative remedies.

Finally, and perhaps most fundamentally, it was Plaintiff who made the decision to remain silent from October 6, 2005, the date The Post filed its Motion to Dismiss, until May 25,

2006, ten days after this Court granted The Post's Motion to Dismiss, and to not bring to the Court's attention his current argument that he had made additional claims in his original EEOC Charge. While Plaintiff now contends that he "is diligently contacting the EEOC" (Motion at 2), and that he will submit additional information "soon" (Motion at 4), the time for "diligence" has long since expired. Plaintiff failed to "diligently" seek this information or to raise this issue before the Court over the last seven months, and Plaintiff cannot – at this late stage – seek relief from his conduct. The law is clear that "court[s] should not save [parties] from their conscious, 'strategic' choices." *Fitzgerald v. Withrow*, 292 F.3d 500, 505 (6th Cir. 2002) (citing *Burger v. Kemp*, 483 U.S. 776, 794 (1987)). Instead, parties are required to live with the consequences of the conscious, strategic decisions that they make during the course of litigation. *See, e.g.*, *FHC Equities, L.L.C. v. MBL Life Assurance Corp.*, 188 F.3d 678, 687 (6th Cir. 1999) (denying relief from judgment under Rule 60(b) and noting that "[w]here counsel makes 'a deliberate choice to rely on one legal theory,' the party cannot thereafter attempt to 'be relieved of the consequences of that conscious decision' should the theory prove to be unsuccessful") (citation omitted); *Fitzgerald*, 292 F.3d at 505 (conscious strategic decision to waive constitutional right to a jury trial); *United States v. Jaimes-Jaimes*, 406 F.3d 845, 848 (7th Cir. 2005) ("There may be sound strategic reasons why a criminal defendant will elect to pursue one sentencing argument while also choosing to forego another, and when the defendant selects as a matter of strategy, he also waives those arguments he decided not to present"); *Estrada-Canales v. Gonzales*, 437 F.3d 208, 210 (1st Cir. 2006) (waiver of claim under immigration class action settlement agreement "by strategic decisions on [plaintiffs'] part").

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Amend or Alter the Judgment should be denied in its entirety.

Dated: June 5, 2006

/s/
Alison Marshall (D.C. Bar No. 426168)
Jacqueline M. Holmes (D.C. Bar No. 450357)
Michelle N. Johnson (D.C. Bar No. 491910)
JONES DAY
51 Louisiana Avenue N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

ATTORNEYS FOR DEFENDANT THE
WASHINGTON POST