IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
CIVIL DIVISION

|   |   |   |
|---|---|---|
| JEROME CARTER | ) | |
|  | ) | Civil Case No. 05-1712 (RMC) |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | |
|  | ) | |
| THE WASHINGTON POST. | ) | |
|  | ) | |
| Defendant. | ) | |
|  | ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT AND
MEMORANDUM IN SUPPORT**

**PRELIMINARY STATEMENT**

Plaintiff asks this Court to reconsider its May 15, 2006 decision to dismiss Counts I and II of the complaint for failure to exhaust administrative remedies, as Plaintiff had exhausted those remedies at the time the original motions were filed. Count I highlighted the Defendant Washington Post's discrimination against Plaintiff on the basis of his race in violation of Title VII of the Civil Rights Act ("Title VII"). Count II detailed Defendant Washington Post's failure to accommodate Plaintiff's injury in violation of the Americans With Disabilities Act ("ADA"). This Court concluded that it did not have subject matter jurisdiction over these counts because Plaintiff did not indicate racial or disability discrimination on his EEOC Charge. In fact, however, Plaintiff had checked the boxes for Title VII and ADA, but the EEOC officer neglected to transfer those claims from Plaintiff's original filing to the one Defendant relies upon.

This Court suggested in its Memorandum Opinion that a Plaintiff only needs to alert the EEOC and the employer to the nature of the wrongdoing, but that magic words are not required to complete the form. Plaintiff indeed followed that procedure and alerted the EEOC of his intention to file charges or racial and disability discrimination against Defendant Washington Post. The EEOC officer, however, incorrectly filed the EEOC Charge, failing to include the Title VII and ADA claims. Plaintiff reasonably relied on the EEOC officer's knowledge and competence and did not second-guess the officer's work. This Court should not fault Plaintiff for relying on agents of the EEOC since Title VII and the ADA require all Plaintiffs to first undergo administrative processes before having their day in court. Likewise, this Court should not deny Plaintiff the opportunity to be heard because the EEOC mishandled Plaintiff's Charge form.

Defendant attacks Plaintiff's affidavit as self-serving and unsupported but then attempts to claim that Plaintiff's original EEOC charge cannot constitute new evidence. The original EEOC charge, which supports Plaintiff's affidavit, must be considered new evidence as this Court did not previously consider it when reaching a decision on Counts I and II. Plaintiff was unaware that the EEOC charge that Defendants received was incorrect and thus could not have stepped in with his original Charge prior to filing of the motions. What Defendants characterize as Plaintiff's attempt to ambush the Court is in actuality Plaintiff's attempt to fix the mistake of an administrative agency that he previously had no opportunity to correct.

Plaintiff's new evidence should alter the result of this case as it proves that he exhausted his administrative remedies. Because all Plaintiffs must wholly depend upon the EEOC as their initial recourse, this Court should allow Plaintiffs greater leeway when

the agency makes a mistake that prevents a litigant from exhausting administrative remedies. In the interest of justice, this Court should consider the original EEOC charge as new evidence and accept Plaintiff's Motion to Alter or Amend Judgment under Rule 59(e).

## ARGUMENT

Plaintiff has satisfied the standard under Federal Rule of Civil Procedure 59(e) for this Court to alter or amend its judgment. Rule 59(e) applies here because this Court's decision as to Counts I and II was final. Plaintiff also has new evidence (the original EEOC Charge) that this Court has not previously considered, and therefore, meets the burden for obtaining review under 59(e).

### I. RULE 59(e) APPLIES TO DISMISSED CLAIMS

This Court dismissed Counts I and II of Plaintiff's complaint, and thus reached a final decision as to those claims. Defendant incorrectly classifies the dismissal of two claims when a third remains as an interlocutory order. Defendant cites *Keystone Tobacco Co. Inc., v. United States Tobacco Co.*, Civil Action No. 00-1415 (2003), as support for its proposition that courts rarely review interlocutory orders. Defendant does not explain, however, why this Court's final decision as to Counts I and II should be considered an interlocutory order. Indeed, an examination of *Keystone Tobacco Co. Inc., v. United States Tobacco Co.*, 238 F. Supp.2d 151, 152-60 (D.D.C., 2002) suggests that interlocutory orders are those directives that a Court makes prior to a final determination of a case. When this Court dismissed Counts I and II of Plaintiff's complaint, it effectively finalized that portion of the case. Whether or not Count III proceeds should

not effect how this Court views the dismissal of Counts I and II for the purpose of this motion.

    II.    **PLAINTIFF'S NEW EVIDENCE MEETS THE STANDARD TO ALTER OR AMEND JUDGMENT UNDER RULE 59(e)**

Federal Rule of Civil Procedure 59(e) permits a Court to grant a motion to alter or amend judgment where there is an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (citations omitted). Defendant correctly notes that rule 59(e) cannot be used to reargue facts and theories upon which the Court already has ruled. The case law clearly holds, however, that errors of law or fact can suffice as new evidence. *See New York v. United States*, 880 F. Supp. 37, 38 (D.D.C 1995) (prohibiting review only of the factual and legal assertions on which a Court already has ruled). A Court will review a motion to alter or amend judgment in the interest of justice and fairness even to allow parties to advance arguments they could have put forth earlier. *See Fresh Kist Produce, LLC v. Choi Corp, Inc.*, 2003 DDC 267 (DDC 2003). Because Plaintiff's original Charge constitutes new evidence and the denial of review would result in manifest injustice, this Court should accept the motion to alter or amend judgment.

Plaintiff's original Charge constitutes new evidence as it demonstrates that the Charge on which Defendant's and this Court relied was legally and factually incorrect, and therefore, cannot stand. To demonstrate new evidence the movant must show "that (1) the evidence was discovered after trial; (2) the movant exercised due diligence to discover the evidence before the end of trial; (3) the evidence is material and not merely cumulative or impeaching; and (4) a new trial considering the evidence would probably

4

produce a different result." *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 938 (8th Cir. 2006) (citations omitted).

This Court declined subject matter jurisdiction based on Plaintiff's failure to exhaust administrative remedies. The original Charge likely would have permitted this court to exercise subject matter jurisdiction because it fulfilled the primary purpose of exhaustion requirements, which is to put the employer on notice of adverse claims. Plaintiff entrusted the EEOC officer to correctly complete his form in an effort to exhaust his administrative remedies; as such, Plaintiff was not aware of the mistake prior to the filing of the original claims in the District Court. Moreover, Plaintiff explained his claim in writing to the EEOC officer, which put the EEOC on notice of the Title VII and ADA claims.

Plaintiff should prevail in the interest of justice and fairness because the original Charge is material to the case and probably would have permitted this Court to assume jurisdiction over his claims. Defendant seeks to distinguish this case from *Fresh Kist Produce,* but that case is in fact dispositive here. In *Fresh Kist Produce*, the Court allowed a plaintiff to present legal arguments in support of a request for pre-judgment interest despite the fact that plaintiff had failed to raise those arguments in the preceding summary judgment motion. *See* ¶21. The Court held that although plaintiff could have advanced those arguments earlier, justice and fairness necessitated the granting of plaintiff's motion to alter or amend. *Id.* Plaintiff here seeks only to have this Court review the proper EEOC Charge, which this Court would have had but for the mistake of an EEOC agent. Justice necessitates that this Court accept Plaintiff's motion to alter or

5

amend because otherwise Plaintiff will be denied the opportunity to have his claims heard in a court of law.

## CONCLUSION

Plaintiff is a victim of an overworked administrative agency and the mistake of an EEOC employee should not bar Plaintiff from justice. Plaintiff did not attempt to evade the exhaustion requirement or prevent the Defendant from learning the adverse claims against it. Rather Plaintiff filed his EEOC charge, indicating on the form, his intent to raise Title VII and ADA claims. This Court should not fault Plaintiff for entrusting the EEOC employee with his case, as Title VII and the ADA require complainants to first file their charge with the EEOC.

Plaintiff is not merely disappointed with the results of his case. He instead asks this Court to review new evidence material to his case, without which justice cannot prevail. A review of the original EEOC charge may impact the determination as to whether this Court can exercise subject matter jurisdiction over Plaintiff's claims, and thereby allow him an opportunity to have his case heard in a court of law.

**WHEREFORE**, Plaintiff respectfully requests for the foregoing reasons that Plaintiff's Motion to Alter or Amend Judgment be granted.

Respectfully Submitted

Dated: June 8, 2006                     by:  _____/s/_____

Francis H. Koh (DC Bar #486602)
Koh Law Firm, LLC.

6

                                        N. Bethesda, MD 20852
                                        (301) 881- 3600
                                        Counsel for Plaintiff

Case 1:05-cv-01712-RMC   Document 15   Filed 06/08/2006   Page 7 of 7