UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEROME CARTER,             )<br>                            )<br>     Plaintiff,           )<br>                            )<br>v.                          )<br>                            )<br>THE WASHINGTON POST,        )<br>                            )<br>     Defendant.          )<br>                            ) | Civil Action No. 05-1712 (RMC) |

**ORDER**

Pending before the Court is Jerome Carter's motion to alter or amend the judgment in the Court's Memorandum Opinion and Order dated May 15, 2006, which granted in part the Washington Post's ("Post") motion to dismiss Mr. Carter's complaint. Because Mr. Carter has failed to present new evidence, the Court denies the motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).

"A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal quotations omitted). Additionally, a Rule 59(e) motion is not an opportunity to re-argue points already decided. *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995). This type of motion is not "a vehicle for presenting theories or arguments that could have been advanced earlier." *Zyko v. Dep't of Defense*, 180 F. Supp.2d 89, 91 (D.D.C. 2001). "Ordinarily, Rule 59(e) motions are not granted by the district court when they are used by a losing

party to attempt to re-argue theories or identify new arguments that could have been previously raised." *Taylor v. United States Dep't of Justice*, 268 F. Supp. 2d 34, 35 (D.D.C. 2003) (citing *Kattan v. Dist. of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993)).

Mr. Carter filed an amended complaint on November 22, 2005, alleging that the Post violated the Family Medical Leave Act of 1993 ("FMLA"), Pub. L. 103-3, 107 Stat. 6; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.; and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq. The Court dismissed Mr. Carter's Title VII and ADA claims for failing to exhaust his administrative remedies prior to filing the underlying action. Specifically, the Court found that Mr. Carter had failed to file an appropriate charge with the Equal Employment Opportunity Commission ("EEOC") on his Title VII claim and that he had failed to file an EEOC charge specifically alleging that the Post failed to accommodate his disability, as required by the ADA.

The charge that Mr. Carter filed with the EEOC on May 18, 2005, alleged only that the Post discriminated against him on the basis of his disability. In full, his charge stated:

> I began to work for the Washington Post in 1989. In November 2004, I presented a doctor's notice letting my employer know that I needed leave for my disability and requested leave from November 22, 2004, through January 22, 2005. On January 25, 2005, the pressroom Superintendent called me at home to request a release for sensitive medical information. During this conversation, I let her know that I could not provide this release outright and that other procedures needed to be followed per the Washington's Post's own policy. On January 26, 2005, I was terminated.
>
> I believe that I was terminated because of my disability in violation of the Americans Disabilities Act [sic] of 1990, as amended.

Def.'s Mem. in Support of Mot. to Dismiss, Ex. 1. Additionally, Mr. Carter checked only the box

for "disability" as the basis for his charge, and did not check the boxes to allege discrimination based on race, color, sex, religion, national origin, retaliation, age, or other. *Id.*

Mr. Carter now claims that the EEOC charge presented to the Court was incomplete. In his Rule 59(e) motion to alter the Court's judgment, Mr. Carter asserts that his "original" charge included more text than is set forth above. He claims that the Court erred in relying on Exhibit 1 to the Defendant's Memorandum in Support of its Motion to Dismiss. According the Mr. Carter, "the Exhibit 1 proffered by Defendant was not the original charge form filed by the Plaintiff, but a greatly redacted and filtered charging form completed by an EEOC investigator . . . . His original charging form marked by hand, the boxes for Race, Color, Retaliation, as well as Disability." Pltf.'s Mot. to Alter Judgment at 1. To support this assertion, Mr. Carter filed an affidavit "attesting" that he marked the additional boxes on his original charging form. *Id.*, Ex. 1. The affidavit also states that his original EEOC charge form was handwritten and that it included both Title VII and ADA claims. However, Mr. Carter did not provide the Court with a copy of this "original" charge form.

Mr. Carter also claims that he was proceeding *pro se* at the time he completed the charge form and that the EEOC must have deleted the other text on the original form when it drafted the language set forth above. *Id.* at 3.

> [T]he version proffered by the EEOC is not the original submitted by Plaintiff who acted *pro se* at the time. Rather, the greatly redacted and filtered verison rendered on the Plaintiff's behalf by the EEOC investigator is proffered by the Defendant to summarily and conveniently dispense Plaintiff's ADA claims on a play of semantics that could hardly be expected or imposed upon non-attorneys such as Plaintiff during the EEOC administrative phase.

*Id.* However, Mr. Carter was represented by counsel when the Post filed its motion to dismiss on October 6, 2005. If Mr. Carter personally lacked the legal insight and knowledge needed to

understand the EEOC process, his attorney should have investigated the EEOC charge form diligently during the pendency of the Post's motion to dismiss, rather than waiting until now to raise this claim.

As the Post argues, Mr. Carter and his counsel knew that exhaustion of administrative remedies was at issue, based on the Post's arguments in its motion to dismiss. Mr. Carter failed to address the point in his opposition and cannot now be heard to argue after the Court rendered its decision. When he filed his opposition to the Post's motion to dismiss, Mr. Carter was aware that he had completed a handwritten charge form and that the version attached to the Post's motion did not accurately reflect the full information he had provided to the EEOC. It is certainly not new evidence that was not available to him prior to the Court's judgment.

Accordingly, it is hereby

**ORDERED** that Mr. Carter's motion to alter or amend the judgment of the Court is **DENIED**.

**SO ORDERED.**

Date: August 2, 2006

/s/
ROSEMARY M. COLLYER
United States District Judge