UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **JEROME CARTER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No.  05-1712 (RMC) |
| ) | |
| **THE WASHINGTON POST,** ) | |
| ) | |
| **Defendant.** ) | |

## SCHEDULING ORDER

Upon consideration of the joint report of the parties submitted pursuant to LCvR 16.3(d), and after a scheduling conference held in open Court on October 11, 2006, it is hereby **ORDERED** that:

1. Motions to join third parties or to amend the pleadings shall be filed no later than January 10, 2007.

2. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be made no later than October 27, 2006.

3. Plaintiff's designation of experts and reports pursuant to Fed. R. Civ. P. 26(a)(2) shall be made no later than April 16, 2007.  Defendant's designation of experts and reports shall be made no later than May 16, 2007.

4. Each party is limited to a maximum of five (5) depositions.

5. Each party is limited to a maximum of twenty-five (25) interrogatories, including discrete subparts.  Responses to all interrogatories shall be made thirty (30) days after service.

6. Each party is limited to a maximum of twenty-five (25) requests for admissions, including

      discrete subparts. Responses to all requests for admissions shall be made thirty (30) days after service.

7. Fact discovery shall be completed no later than May 30, 2007. Expert discovery shall be completed no later than June 16, 2007.

8. Dispositive motions shall be filed no later than July 18, 2007; oppositions and replies shall be filed according to the Local Rules of this Court. A motion for extension of time to file a motion, opposition, or reply will be denied except upon a showing of good cause. The page limitations for briefs referenced in LCvR 7(e) are to be strictly followed by the parties.

9. Discovery material shall not be filed with the Court unless so ordered. *See* LCvR 5.2(a).

10. Counsel are expected to conduct themselves in a civil, polite, and professional manner at all times, particularly during discovery. Counsel are referred to LCvR 26.2 and expected to conform fully with its directives. Moreover, counsel are required, under both Fed. R. Civ. P. 26(f) and LCvR 7.1(m), to confer in good faith in an effort to resolve any discovery dispute before bringing it to the Court's attention. In the event that counsel are unable to resolve a dispute, counsel shall contact chambers to arrange for a telephone conference with the Court. Counsel shall not file discovery motions without a prior telephone conference with the Court and opposing counsel.

11. A further status conference is scheduled for 10:15 a.m. on June 8, 2007, at which time a pretrial conference date and a trial date will be selected. Counsel shall be prepared at the status conference to advise the court of the expected length of trial and of the number of fact and expert witnesses each party will present. Trial counsel shall appear at all hearings, unless excused by the court in advance of the hearing date.

12. At the October 11 scheduling conference, counsel indicated their willingness to participate in alternative dispute resolution and agreed to have this matter temporarily referred to a Magistrate Judge for that purpose. Pursuant to the parties' agreement, the Court will, by separate order, refer this matter to Magistrate Judge John M. Facciola for a period of 60 days commencing today. If the case settles, in whole or in part, Plaintiff's counsel shall advise this Court by promptly filing a stipulation.

13. This schedule shall not be modified, even where all parties consent, except upon a showing of good cause and by leave of the Court. See Fed. R. Civ. P. 16(b); LCvR 16.4(b).

   **SO ORDERED.**


Date: October 11, 2006                       /s/
                                   ROSEMARY M. COLLYER
                                   United States District Judge