UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEROME CARTER,<br><br>   Plaintiff,<br><br>v.<br><br>THE WASHINGTON POST,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.: 05-1712 (RMC)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT THE WASHINGTON POST'S MOTION TO STAY AND TO EXTEND THE TIME FOR IT TO CONDUCT DISCOVERY

Defendant The Washington Post ("Defendant" or "The Post") respectfully requests the Court to stay the litigation and extend the time period for it to complete discovery. In support of its motion, Defendant states as follows:

### STATEMENT OF FACTS

1.   Pursuant to the Court's Scheduling Order dated October 11, 2006, fact discovery in this case closes on May 30, 2007. Additionally, the Order requires that Defendant designate experts and reports by May 16, 2007.

2.   On January 12, 2007, Defendant served document requests and interrogatories on Plaintiff Jerome Carter ("Plaintiff" or "Carter"). Three months later, Plaintiff has failed to respond to Defendant's discovery requests. In February 2007, Defendant communicated with Plaintiff's counsel to request that Plaintiff respond to outstanding discovery requests, but its efforts were unsuccessful. Declaration of Jacqueline M. Holmes ("Holmes Decl.") ¶¶ 2-3, attached as Exhibit 1.

3. On March 9, 2007, Plaintiff's counsel, Francis Koh, filed a second[1] motion to withdraw as counsel, citing irreconcilable differences with his client. Defendant did not oppose the motion, nor did Plaintiff. The Court has not yet ruled on this motion.

4. Thereafter, Plaintiff Jerome Carter requested that the Court put a hold on the case proceedings while he attempted to locate new counsel. On March 14, 2007, the Court docketed Carter's request as a motion to stay proceedings. Defendant has not opposed this motion, and it is still pending.

## ARGUMENT

The Post respectfully requests that the Court stay the litigation and grant Defendant additional time to conduct discovery. Defendant has to this point been unsuccessful in its efforts to obtain documents and written discovery responses from Plaintiff. Plaintiff's discovery responses are two months late. Given that Francis Koh has sought to withdraw as Plaintiff's counsel, and has represented to defense counsel that he no longer is able to communicate with his client (Holmes Decl. ¶ 3), Defendant believes that further efforts to obtain discovery through Plaintiff's counsel or to compel discovery would be futile. Further, Defendant is prevented from contacting Carter directly to obtain his discovery responses because he is still represented by counsel.

Until it receives written discovery responses and the requested documents from Plaintiff, The Post cannot conduct additional discovery, including necessary depositions, in the case. Nor is The Post in a position to identify any necessary experts in the case until it receives discovery responses from Plaintiff. Defendant is not opposed to Plaintiff having a reasonable amount of time to retain new counsel and realizes that there might have been complicating factors

---

[1] Koh's first motion to withdraw was denied without prejudice for failure to comply with LCvR 83.6.

WAI-2822552v1

2

preventing Plaintiff's timely response to discovery. However, Defendant has been and continues to be compromised in its ability to conduct discovery within the timeline set by the Court because of Plaintiff's delay in responding to discovery requests and Koh's motion to withdraw as counsel. Until the issue of who, if anyone, will represent Plaintiff is resolved, Defendant is unable to effectively pursue discovery.

For all of these reasons, Defendant The Washington Post respectfully requests that the Court stay the litigation and grant Defendant an additional 75 days to conduct fact discovery after the counsel issues are resolved – i.e., after the Court either (1) grants Koh's motion to withdraw and Plaintiff's new counsel files an appearance in the case, (2) grants Koh's motion to withdraw and Plaintiff indicates an intention to proceed pro se, or (3) denies Koh's motion to withdraw. Defendant similarly requests that all of its other deadlines outlined in the Court's Scheduling Order be adjusted consistent with this request.

A proposed Order accompanies this Motion.

Respectfully submitted,

_____/s/_____
Alison B. Marshall (D.C. Bar No. 426168)
Jacqueline M. Holmes (D.C. Bar No. 450357)
Robin S. Owings (D.C. Bar No. 479476)
JONES DAY
51 Louisiana Avenue N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

ATTORNEYS FOR DEFENDANT
THE WASHINGTON POST
